United States District Court
Southern District of Texas
**ENTERED**
September 11, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH MORRIS and MATTIE T. MORRIS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3026 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, NATIONAL ASSOCIATION, and OCWEN LOAN SERVICING, LLC, | § § § § § | |
| Defendants. | § | |

## ORDER TO SHOW CAUSE

This suit was filed in state court in 2012 by Plaintiff Mattie T. Morris.  Mattie Morris's husband, Joseph Morris, in 2013 entered his appearance as a second Plaintiff.  On May 21, 2018, Defendant Deutsche Bank filed an Amended Suggestion of Death of Plaintiff Mattie Morris and Application for Writs of Scire Facias, notifying the court that Mattie Morris had died in September 2016 and that Defendant was unable to identify the executor or personal representative of her estate.[1]  There is no showing either in state court or after removal that any duly qualified executor of a Last Will of Mattie Morris or court-appointed administrator of her estate ever moved to be substituted as the proper party to represent the interests of Mattie Morris's estate.  In Plaintiffs'

---

[1] Document No. 1-32 at 24 of 24.

Eighth Amended Petition Joseph K. Morris purports to appear "individually and on behalf of the estate of Mattie T. Morris,"[2] but he neither asserts any lawful appointment nor exhibits letters testamentary authorizing him to represent the estate of Mattie Morris. Moreover, as observed above, the record does not reflect a motion made by any person asking for an order substituting a proper party for Mattie Morris, Deceased.

Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. *If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.*

FED. R. CIV. P. 25(a)(1) (emphasis added). Defendant Ocwen in October 2018 and this Court in both its November 6, 2018 Order and its May 29, 2019 Memorandum and Order noted the death of Mattie Morris and the absence of any motion to substitute a proper party duly authorized to represent her estate.[3] Accordingly, it is

ORDERED that any interested party within fourteen (14) days after the date of this Order shall file a response to show cause, if any exists, why Plaintiff Mattie Morris's claims should not be

---

[2] Document No. 1-37 at 14 of 25.

[3] Document No. 17 at 1 n.1; Document No. 22 at 1 n.1; Document No. 45 at 2 n.2.

dismissed pursuant to Rule 25(a)(1).  If any response is filed to this show cause order, Defendant may respond to the same within fourteen (14) days after being served with such filing.

    The Clerk will enter this Order, providing a correct copy to all counsel of record.

    SIGNED in Houston, Texas, on this 11th day of September, 2020.

                                      EWING WERLEIN, JR.
                            UNITED STATES DISTRICT JUDGE